IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANNY RAY GUTTERY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-951-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Danny Ray Guttery, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In 2011, in Palo Pinto County, Texas, Case No. 14646, Petitioner was indicted on one count of possession with intent to deliver methamphetamine in the amount of four grams or more but less than two hundred grams. Clerk's R. 8, ECF No. 11-2. The state later gave Petitioner notice that it intended to use two of his prior state-court convictions for sentence enhancement. *Id.* at 36. On April 4, 2012, a jury found him guilty of the offense, Petitioner pleaded true to the enhancement allegations, and the trial court assessed his punishment at 60 years' confinement and a $5000 fine. *Id.* at 61. Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 11-1. Petitioner also sought

postconviction state habeas-corpus relief by filing a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. SHR 3, ECF No. 12-16.

The state appellate court set forth the background facts of the case as follows:

> The indictment alleged that, on or about May 10, 2011, [Petitioner] knowingly possessed, with the intent to deliver, a controlled substance—namely, methamphetamine—in an amount of four grams or more but less than two hundred grams. Sergeant Scott Mitcham of the Mineral Wells Police Department testified that he set up surveillance on Room 113 at the Executive Inn in Mineral Wells, Texas, after he received information that methamphetamine was being sold there. The surveillance showed traffic consistent with drug trafficking, which Sergeant Mitcham described as follows: "[v]ehicles coming, parking in front, going inside for a minute, and leaving." Sergeant Mitcham then conducted a "controlled buy" inside the motel room using a confidential informant. The informant told Sergeant Mitcham that there were more narcotics in the motel room and that both [Petitioner] and an individual named Calvin Teague participated in the drug transaction.
>
> Based on the results of the surveillance and the informant's controlled buy, Sergeant Mitcham obtained a warrant to search Room 113 at the Executive Inn. Sergeant Mitcham and several other officers executed the warrant on May 10, 2011. They found [Petitioner] and Teague inside the motel room.
>
> Sergeant Mitcham noted that the motel room had two beds with a nightstand in between them. On the bed closest to the door, a small zipper bag was found that contained a plastic baggie filled with a white crystal substance that Sergeant Mitcham believed to be methamphetamine. Sergeant Mitcham noted that [Petitioner] was sitting on the bed next to the zipper bag when the officers first entered the motel room. On the nightstand beside the bed, in plain view, Sergeant Mitcham found a set of digital scales, two loaded syringes, and another plastic baggie containing a white crystal substance suspected to be methamphetamine. Sergeant Mitcham also obtained the receipt for the motel room and noted that the room was registered in [Petitioner]'s name.
>
> Sergeant Mitcham explained that 0.5 grams of methamphetamine is typical for personal use, and he noted that the amount of methamphetamine found in this case was "way too much" for personal use. Sergeant Mitcham noted that, because methamphetamine is sold by weight, digital scales are used by dealers to weigh the drug and charge accordingly. Sergeant Mitcham stated that the set of digital scales and the amount of methamphetamine recovered in this case were "very indicative of

drug trafficking."

Mem. Op. 2-3, ECF No. 11-17.

**II. ISSUES**

In four grounds for relief, Petitioner raises mutliple claims of ineffective assistance of counsel. Pet. 2, ECF no. 1. He contends that the state courts' decision that he was not denied effective assistance of counsel is contrary to or involves an unreasonable application of federal law as determined by the United State Supreme Court and/or was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. *Id.*

**III. RULE 5 STATEMENT**

Respondent believes that the petition is neither successive nor barred by the statute of limitations and that the claims have been exhausted in state court. Resp't's Ans. 5, ECF No. 9.

**IV. DISCUSSION**

**A. Standard of Review**

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter,* 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's

3

factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). And, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

**B. Discussion**

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective-assistance claims against appellate counsel). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel under this standard, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance.

4

*Id.* at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial or appellate strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance-of-counsel claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the *Strickland* standard in light of the state-court record or was based on an unreasonable determination of the facts. *Richter,* 562 U.S. at 100-01 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Thus, a federal court's review of state-court decisions regarding ineffective assistance of counsel must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 571 U.S. 12, 15 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

Petitioner was represented at trial and on appeal by attorney R. Shay Isham. Petitioner claims that counsel was ineffective at trial for the following reasons, verbatim:

> (1) failing to investigate, interview, subpoena, and present testimony from convicted codenfendant Calvin Teague to the effective the drugs belonged solely to him;
>
> (2) failing to investigate, interview, subpoena, and present testimony from the confidential informant that she only dealt with Teague in the transaction and Petitioner was not involved;
>
> (3) failing to make a proper opening statement by promising the jury it would see a video of Teague (which it didn't) and that the search warrant affidavit did not mention [Petitioner] (it specifically referred to Danny Ray as a suspected party).

5

(4) failing to file a motion to suppress based on stale information within a search warrant affidavit executed two months before the search warrant was obtained from the magistrate;

(5) presenting testimony from [Sergeant Mitcham] as to statements made by the confidential informant which implicated [Petitioner] in the offense;

(6) failing to perfect an offer of proof when the trial court excluded the codefendant's recorded statement against interest;

(7) failing to challenge the State's claim admission of the codefendant's statement against interest would deny the State its confrontation rights;

(8) failing to object to hearsay consisting of a motel room receipt showing [Petitioner] rented the room from which the contraband was recovered;

(9) failing to impeach the testimony of [Sergeant Mitcham] with his offense report which was inconsistent concerning the location of the contraband and whether paraphernalia was in plain view; and

(10) failing to present argument to the trial court before a sentence of 60 years was imposed.

Pet. 15-34, ECF No. 1.

Petitioner claims that counsel was ineffective on appeal by failing to present a point of error challenging the trial court's "exclusion of the codefendant's statement against interest which took responsibility for the contraband and exonerated Petitioner" and which was admissible under Texas Rule of Evidence 803(24).[1] Pet. 39-42, ECF No. 1.

---

[1] A statement against interest is a statement that:

(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability or to make the declarant an object of hatred, ridicule, or disgrace; and

(B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

TEX. R. EVID. 803(24)(A)-(B).

Counsel responded to Petitioner's allegations in an affidavit filed in the state habeas proceedings as follows (any errors in punctuation are in the original):

> I have reviewed [Petitioner]'s Application for a writ of Habeas Corpus seeking relief from a final Felony Conviction Under Code of Criminal Procedure, Article 11.07, and I must say that it is unlikely that the outcome of [Petitioner]'s jury trial would have been different, even if I had done everything exactly as he complains I should have.
>
> [Petitioner] contends that I should have called his co-defendant Calvin Teague as a witness. I did not think Calvin Teague would help [Petitioner]'s defense. Mr. Teague had previously stated to law enforcement that he and [Petitioner] had "been slinging dope together for years". In other words, they had been dealing methamphetamine together for a long time.
>
> [Petitioner] contends that the confidential informant should have been called as a witness. Had the confidential informant been called, I expect her testimony would have been that she met [Petitioner] at the hotel room where she bought methamphetamine from Calvin Teague. That [Petitioner] witnessed the transaction and was complacent.
>
> [Petitioner] contends that he did not have effective assistance of counsel because of something that was said in opening statement and failing to file a pretrial motion to suppress. Nothing said in opening statement had any influence on the outcome of the trial. I investigated the case, I interviewed witnesses, and I prepared for trial. I did not believe the search warrant affidavit was executed two months before the warrant was carried out. If that is in fact true, I missed that.
>
> [Petitioner] also complains of failure to object to hearsay, failure to make an offer of proof when evidence was excluded, failing to challenge various claims made by the State and failing to make a proper final argument (punishment was by the Court, not the jury). All of the aforementioned are complaints about trial strategy. [Petitioner] had already rejected a plea bargain.
>
> Finally, [Petitioner] also complains that I failed to pursue a plea bargain agreement with the State pursuant to him being an informant for the Bureau of Alcohol Tobacco and Firearms. I did pursue said plea. The District Attorney did agree to dismiss the charges if [Petitioner] did go to work for the ATF. The District Attorney asked that the "handler" for [Petitioner] call him and confirm that [Petitioner] was their informant. The ATF agent, despite having [Petitioner] sign paperwork and issuing him a confidential informant number never called the District Attorney. [Petitioner] and I both requested he do so several times.

Supp. SHR 10-11, ECF No. 12-14 (emphasis in original).

Based on counsel's affidavit and the documentary record, and applying *Strickland* and relevant state law, the state habeas court entered the following relevant factual findings and conclusions of law:

**FINDINGS OF FACT**

1. [Petitioner] was caught by law enforcement with more than five (5) grams of meth lying next to him in a motel room. This is the simple undisputed fact established at trial which led to his conviction. There is nothing his counsel could have done to prevent this conviction, and there is nothing that the State did to wrongly cause this conviction.

2. Trial counsel chose the correct legal strategy of not pursuing the testimony of Calvin Teague because of Teague's statement to law enforcement that he and [Petitioner] had "been slinging dope together for years."

3. [Petitioner] was present in the motel room when the confidential informant made the controlled buy. There is no evidence in the record to support the conclusion that the confidential informant dealt only with Teague. Further, even if the confidential informant dealt only with Teague, that fact would not have impacted the outcome of the trial.

4. Counsel for [Petitioner] did not promise the jury they would see a video of Teague; he stated only that he expected the Teague video to be presented at trial.

5. [Petitioner] and the Danny Ray mentioned in the search warrant affidavit are the same person.

6. As clarified by Sergeant Mitcham in his trial testimony, the search warrant was signed by him on May 10, 2011, the same day the search warrant was issued. Thus, the probable cause facts stated in the search warrant affidavit were not stale.

7. [Petitioner]'s counsel's cross-examination of Mitcham regarding statements made by the confidential informant was merely cumulative of evidence offered by the State during Mitcham's direct examination.

8. The issue at trial was not who "owned" the methamphetamine, Teague or

[Petitioner], but rather whether [Petitioner] was in possession of it with the intent to distribute. Thus, any statement by Teague that he owned the methamphetamine would not have changed the outcome.

9. The outcome of the trial would not have been impacted by the identity of the confidential informant. Further, since the confidential informant was not present when the search warrant was executed the identity of the confidential informant was properly withheld.

10. The issue of who rented the motel room was not significant, as it was undisputed that [Petitioner] was in the room with more than 5 grams of meth in a bag lying next to him. Thus, it was reasonable trial strategy for trial counsel not to object to the admissibility of the motel room receipt.

11. Mitcham's trial testimony as to all relevant issues was not inconsistent with his offense report. To the extent of any inconsistency it was minor and irrelevant.

12. [Petitioner] was not charged with possession of the same methamphetamine that Teague pled guilty to. Thus, Teague's prior plea was not relevant to [Petitioner]'s trial, and it had no impact on [Petitioner]'s conviction.

. . .

14. Neither side made a closing argument during the punishment phase of the trial. The trial court was very experienced in presiding over these types of trials. It is completely speculative to suggest that argument from either side would have impacted the trial court's decision on punishment.

15. [Petitioner]'s appellate counsel's conduct was not deficient for all the reasons expressed above.

16. The results of the subsequent polygraph test on [Petitioner] would not be admissible evidence, and is not affirmative evidence of innocence.

. . .

## CONCLUSIONS OF LAW

1. To the extent any of the above findings of fact are incorrectly labeled as such, and are more properly phrased as conclusions of law, the Court adopts herein such findings of fact.

2. In a habeas corpus proceeding the burden of proof is on the applicant.

3. An applicant must prove by a preponderance of the evidence that the error contributed to his conviction or punishment.

4. Relief may be denied if the applicant states only conclusions, and not specific facts.

5. An applicant's sworn allegations alone are not sufficient to prove his claims.

6. To prevail on his claims on ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors.

7. There is a presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment.

8. The totality of counsel's representation is viewed in determining whether counsel was ineffective.

9. The constitutional right of counsel does not mean errorless counsel.

10. Support for an ineffective assistance of counsel claim must be firmly grounded in the record.

11. [Petitioner] has failed to prove that his trial or appellant counsel's representation fell below the objective standard of reasonableness.

12. [Petitioner] has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct. the result of the proceeding would have been different.

13. [Petitioner] has failed to prove that he received ineffective assistance of trial or appellate counsel.

. . .

23. [Petitioner] should be denied any relief.

*Id.* at 3-7 (citations omitted).

Petitioner fails to present clear and convincing evidence rebutting the state court's factual findings or otherwise demonstrating that the factual findings are "flawed" because they are unreasonable. Thus, relying on the presumptive correctness of the state court's findings, and having independently reviewed Petitioner's claims in conjunction with the state court records, the state court applied the *Strickland* standard in a reasonable manner in light of the evidence before the court. Petitioner failed to show that counsel's representation fell below objective standards of reasonableness or that he was prejudiced as a result of counsel's representation. His claims are largely conclusory, with no legal and/or evidentiary basis, refuted by the record, involve state evidentiary rulings or other matters of state law, involve strategic and tactical decisions made by counsel, or would have required counsel to make frivolous requests, motions, or objections, all of which generally do not entitle a state petitioner to federal habeas relief. *See, e.g., Strickland,* 460 U.S. at 689 (holding strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for postconviction relief on the grounds of ineffective assistance of counsel); *Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections); *Green v. Johnson,* 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) (providing "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue" and "counsel is not required to file frivolous motions or make frivolous objections"); *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989) (providing "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial"); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (providing ineffective assistance claims based upon uncalled witnesses are disfavored and conclusory if

unsupported by affidavits indicating the witnesses' willingness and availability to testify and the substance of the proposed testimony); *Boyd v. Estelle,* 661 F.2d 388, 390 (5th Cir. 1981) (quoting *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978)) (providing presentation of testimonial evidence is a matter of trial strategy). Even if Petitioner could demonstrate defective assistance based on one or more of his claims, in view of the overwhelming evidence of his guilt and his lengthy criminal history, he cannot make a showing of *Strickland* prejudice–*i.e.,* that but for counsel alleged acts or omissions, the jury would have acquitted him of the offense and/or his sentence would have been significantly less harsh.

Similarly, Petitioner failed to demonstrate deficient performance by counsel and prejudice on appeal. Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). Petitioner has presented no argument or evidence in this federal habeas action that could lead the court to conclude that the state court unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. See *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). Thus, it follows, that counsel was not ineffective for failing to raise a point of error challenging the trial court's exclusion of Teague's out-of-court statement to Sergeant Mitcham following the arrest.

A petitioner shoulders a heavy burden to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner presents no evidentiary, factual,

or legal basis in this federal habeas action that could lead the Court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence before the state courts. 28 U.S.C. § 2254(d).

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of August, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**